

George A. Nilson, Piper & Marbury, Susan Goering, American Civ. Liberties Union of Maryland, Thomas Page Lloyd, Awilda R. Marquez, Piper & Marbury, Baltimore, MD, Deborah A. Jeon, American Civ. Liberties Union, Cambridge, MD, Bruce T. Carton, Law Office, Columbia, MD, for plaintiff.

Roger N. Powell, Law Office, Pikesville, MD, for defendants.

Roger N. Powell, Law Office, Pikesville, MD, Anthony Victor Teelucksingh, Larry M. Wolf, Whiteford, Taylor and Preston, Baltimore, MD, for Kenneth E. Morris.

Richard D. Bennett, U.S. Atty., Baltimore, MD, Thomas P. Bernier, White and Karceski, Towson, MD, Joseph J. Mahoney, Law Office, Elkton, MD, for Kenneth E. Truitt.

**Paula HAAVISTOLA**

v.

**COMMUNITY FIRE COMPANY OF RISING SUN, et al.**

**Civ. No. S 90–1637.**

United States District Court, D. Maryland.

Jan. 7, 1994.

### *MEMORANDUM OPINION*

SMALKIN, District Judge.

In an earlier opinion in this case, reported at 812 F.Supp. 1379, this Court granted summary judgment for the defendants on the plaintiff's claims under Title VII and 42 U.S.C. § 1983, holding, as to the former, that the plaintiff was not an employee of the volunteer fire company of which she was a dues-paying member, and, as to the latter, that the fire company was not a state actor for purposes of section 1983, in that it was a

private entity performing what had not, in Maryland, been a traditional governmental function. The facts are fully set forth in this Court's prior opinion.

The United States Court of Appeals disagreed with this Court's grant of summary judgment, reversing and remanding the case in an opinion reported at 6 F.3d 211. After remand, the two governing issues (without a favorable finding on which plaintiff could not maintain her federal claims) were separated for trial, pursuant to Fed.R.Civ.P. 42(b). The issues were tried to a jury in a four-day trial, during which plaintiff submitted hundreds of exhibits, including many statutes and the like discussed in the Fourth Circuit's opinion, called two expert witnesses, and otherwise strongly and competently presented and argued her case.

At the end of the trial, a special verdict form was submitted to the jury, asking for its findings, *yes* or *no*, on the questions of whether the plaintiff was an employee of the fire company and whether it acted under state law. After a little more than two hours of deliberation, the jury returned a verdict for the defendants on both issues submitted.

 In view of the fact that fire and other non-police emergency protection is overwhelmingly provided in Maryland by its 356 volunteer fire companies, thus making their status a question of prime public interest, and in the hope that courts addressing this issue as a matter of law in the future might hereby be assisted in their analysis, this jury's verdict should be made known to the legal and lay communities by way of a published opinion. The jury was obviously quickly convinced that members of a volunteer fire company are not its employees, despite their eligibility for certain statutory benefits, as adverted to in the Fourth Circuit's opinion, and that, in Maryland, firefighting has traditionally been the province of volunteers, not of the state or its subdivisions, despite the various statutes, charters, and the like that deal with the subject, again adverted to by the Fourth Circuit in its opinion.

The Court's judgment order is appended hereto.

## JUDGMENT ORDER

This case having been previously closed by an Order and reported Memorandum Opinion (812 F.Supp. 1379), and having thereafter been reversed and remanded by the United States Court of Appeals for the Fourth Circuit (opinion reported at 6 F.3d 211), came on for trial, pursuant to Fed.R.Civ.P. 42(b), on the issues of employer status and state actor status (without a favorable finding on which the plaintiff's federal claims could not be maintained), by the Court, Honorable Frederic N. Smalkin, District Judge, presiding, with a jury, on January 3, 1994, counts IX, X, and XI having been voluntarily dismissed theretofore,

And, the defendants' motion for judgment as a matter of law on the issue of state actor pursuant to Fed.R.Civ.P. 50 having been made and denied both at the close of the plaintiff's evidence and at the close of the trial, the case was submitted to the jury on a special verdict pursuant to Fed.R.Civ.P. 49, and the jury having been duly charged and having deliberated upon its verdict and having returned the special verdict form in open court this date, answering "No" to both of the questions put to it, and the Court finding that the plaintiff's federal claims cannot be further maintained in light of the jury's findings on these issues,

Now, therefore, it is, by the Court, this 7th day of January, 1994, ORDERED and ADJUDGED:

1. That judgment BE, and it hereby IS, ENTERED on the merits, in favor of all defendants, and against the plaintiff, as to her federal claims, *viz.*, Counts I, II, III, XII, and XIII of her first amended complaint;

2. That Counts IV, V, VI, VII, and VIII BE, and they hereby ARE, DISMISSED, for lack of federal subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(h)(3) and 28 U.S.C. § 1367(c)(3);

3. That defendants have and recover of the plaintiff all costs of this action.